## WESTERN UNION TELEGRAPH CO. *v.* JACKSON.

Inasmuch as under paragraph 5 of section 2, article 6 of the constitution (Code, §5133) writs of error to the Supreme Court lie only from the superior courts, the city courts of Atlanta and Savannah, and like courts established by law *in other cities*, writs of error do not lie from "city courts" established *for counties* upon the recommendation of grand juries under the provisions of the act of October 19th, 1891, as amended by the act of December 23d,

1892; for the reason that the courts put in operation under these acts, even if they are "like" courts, are *not established in cities at all.* These acts obviously contemplate the establishment of courts in counties in which there are no cities as well as counties in which there are cities, and the fact that there may be an incorporated city in a given county, for which county such a court is established, does not change the character of the court, or affect the class to which it belongs. Courts so established are good statutory courts, but not the constitutional courts from which a writ of error lies.

March 23, 1896.  Argued at last term ; reargued at this term.

*Dorsey, Brewster & Howell* and *Hugh M. Dorsey,* for plaintiff in error.  *Hammond & Cleveland,* contra.

ATKINSON, Justice.

This case is here upon a writ of error from the city court of Spalding county. That court was organized under the general law providing for the establishment of city courts in counties having a certain population, the act authorizing the establishment of such courts being found in the Acts of 1890-91, p. 96, and the amendment thereto to be found in the Acts of 1892, p. 107. These acts provide that the powers, jurisdiction, officers and mode of selecting them of courts so established shall be the same as are now prescribed by the act creating the city court of Macon, which was approved August 14th, 1885, and is to be found in the Acts of 1884-85, p. 470, thus extending the provisions of the act organizing the city court of Macon, in the respects indicated, to the courts organized under the act of 1891, as amended by the act of 1892, *supra.*

The question is, whether this court has jurisdiction to determine writs of error from city courts established under the provisions of the general law above mentioned. In our consideration of this question, we will take judicial cognizance of the fact that the city of Griffin is an incorporated city within, and is the county site of, the county of Spalding. The Supreme Court is a court of limited jurisdiction. See *Carter* v. *Janes, judge,* 96 *Ga.* 280. It is

expressly provided by the constitution of this State, that the Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors from the superior courts and from the city courts of Atlanta and Savannah and from such other like courts as may be hereafter established in other cities, and shall sit at the seat of government at such times in each year as shall be prescribed by law for the trial and determination of writs of error from said superior and city courts. See paragraph 5, sec. 2, art. 6. Code, §5133.

It will be seen that the first part of the paragraph of the constitution now under review deals exclusively with the jurisdiction of the Supreme Court. It has in broad and comprehensive language denied to the court all original jurisdiction, and this denial makes it impossible for any cause to originate in this court, and this is immediately followed by the declaration enumerating and describing the subjects of jurisdiction in the Supreme Court, and expressly excluding from its jurisdiction those subjects not embraced in this enumeration or description. Upon this latter subject, it will be observed that the language employed is "but shall be a court alone for the trial and correction of errors from the superior courts" and other courts there enumerated or described. It is thus made expressly a court for the trial and correction of errors from the courts enumerated or falling within the class of courts described by the constitution, and the use of the word "alone" further confines the jurisdiction of the Supreme Court to the trial and correction of errors from those courts only. We think that the enumeration and classification by the constitution of the courts from which writs of error would lie to the Supreme Court, was a denial of jurisdiction in the Supreme Court to determine writs of error from any courts other than those indicated; but to prevent a reference of this subject to any rule of constitutional construction, the constitutional convention, by the use of the word *alone* in the connection in

which it is there employed, set at rest all possible doubt as
to its meaning.    When the constitution of the State says.
that the jurisdiction of the Supreme Court shall extend
*alone* to the determination of writs of error from a certain
class of courts, this is an express denial to the legislature of
the power to enlarge the jurisdiction of the court by extend-
ing it to others not embraced in the constitutional enumera-
tion or classification.

The court now under review was not one of the courts.
expressly named in the constitution.    The only question
then is, does it fall within the general descriptive terms
"such other like courts as may be hereafter established in.
other cities"?    Two things are essential to the establishment.
of a court which shall answer this description.    One is, that
it shall be modeled substantially upon the same plan of the
city courts of Atlanta and Savannah.    The next is, that
it must by the act creating it be located within the corporate
limits of a city.    The former is as to the organization of
the court; the latter is as to its location.    It is indispensa-
ble to the establishment of a court within the class described
by this constitutional provision, that both requirements
should be met, else this court cannot have jurisdiction by
writ of error to review the judgment of such court.

The act under which the court in question was organized
was not entitled an act to create courts within the limits of
incorporated cities, nor is there any provision or require-
ment that the courts authorized to be created by that act.
should be located within the corporate limits of cities.    The
mere incidental circumstance that there is an incorporated
city within the limits of a given county, cannot of itself give
color and character to a court established under this general.
law.    There is no requirement in the act that this court
should sit at any particular place.    The only provision
touching its location at any particular place in the county,
is to be found in the 44th section of the act organizing a.
city court of Macon, to be found in the acts of 1884-5, pp..

470-79, to the effect that the county commissioners of Bibb county shall provide a suitable place for the sitting of the court created by that act, this provision being so incorporated into the general law, by the reference made in the latter to the act creating the city court of Macon, as, with respect to the particular court now under review, to make it the duty of the commissioners of Spalding county to provide a suitable place for the sitting of the city court of that county. The court in question could not in name even be called "the city court" of any incorporated city. It could have as well been located outside the city of Griffin, as within it, and therefore the mere fact that it was located by the county commissioners within the city of Griffin does not make it one of the like courts "established in other cities."

The provision of the constitution, "and such other like courts as may hereafter be established in other cities," is mandatory in respect both to character and location, and when we come to ascertain whether these constitutional requirements have been met, the act itself under which a given court is organized is the scope and limit of our inquiry. We are not to inquire whether in point of fact it is a like court in organization, nor whether in point of fact it is located within a city; but the essential inquiry is, does the act by and under which such court is created and organized require that it should be a like court and located in a city? It is an institution of the law; its creation and existence inhere in the law, and its character must be defined and determined by that law.

The act does not require that courts established thereunder shall be located in cities. On the contrary, it permits their location at any point within the respective counties, whether within or without the corporate limits of cities, that the county commissions may determine upon, and we do not think that the character of the courts in such an important respect should be left contingent upon the location which may be selected by the commissioners. With re-

spect as well to the location as to the character of the courts, the act creating them must be equally as mandatory as the constitutional requirement. To rule otherwise would bring about the anomaly of upholding, as meeting the constitutional requirement, such of the courts established under the general law as might be by the commissioners located within the corporate limits of cities, and condemning such, as falling short of the constitutional requirement so as to be entitled to a writ of error to this court, as might be located without the limits of incorporated cities, though all of such courts be established under the same act and have generally the same jurisdiction and powers. We think, therefore, the act under which the courts are established is alone the true source from which to determine whether the courts organized thereunder measure up to the constitutional requirements, in the respect that writs of error will lie therefrom to this court.

The legislature has ample power under the constitution to establish a city court for the city of Griffin, giving it jurisdiction extending over the entire county of Spalding, and from such a court a writ of error would lie to the Supreme Court. But it has no power to establish a city court for Spalding county, and confer upon this court by that act jurisdiction to pass upon writs of error from such a court.

Under the broad power of the General Assembly conferred by paragraph 1, sec. 1, art. 6 of the constitution, the legislature may create courts. It may call them city courts for counties. The judgments rendered by such courts within the jurisdiction conferred would be as binding as those of any other court; but the mere denomination of them as city courts does not make them such within the meaning of the constitutional provision. Their judgments, if called in question, must be reviewed by the writ of *certiorari* to the superior court. To confer upon this court jurisdiction to determine writs of error from such courts, it will not

suffice that by the act of creation they are christened city courts; they must possess the essence of such courts, and this quality they cannot acquire, even if they be like courts with those of the cities of Atlanta and Savannah, unless they are established in cities.

Inasmuch then as the court now in question does not fall within the class of courts from which, under the constitution, this court is authorized to entertain and determine writs of error, the other questions in the cause cannot be considered, but the writ of error will be          *Dismissed.*