## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* JORDAN.

1. A place once incorporated by an act of the General Assembly as a town will not become one of the cities of this State until there is a legislative enactment expressly declaring that such place is a city; and the mere fact that in different legislative acts referring to such town it is sometimes designated as a " city " will not make it a municipal corporation of the character indicated by that term.
2. Valdosta having been incorporated as a town in 1860, and the act incorporating it as such having never been repealed, its existence as a town has not been affected by the numerous acts of the General Assembly referring to it as a city.
3. This court has no jurisdiction of a writ of error sued out for the purpose of having reviewed a judgment rendered by the city court of Valdosta.

Argued May 7, — Decided May 23, 1901.

Motion for rehearing denied July 16, 1901.

Practice.　Jurisdiction.　Constitutional law.

*D. H. Pope* and *Wilkinson & Cranford*, for plaintiff in error.
*Toomer & Reynolds, West & Walker*, and *Howard Van Epps*, contra.

COBB, J.　The General Assembly has the power under the constitution to create a court at any place in the State, and to style such court a city court.　But the General Assembly has no power to create a court and call it a city court, and provide that the errors of such court may be corrected by direct bill of exceptions to this court, unless the court is established in a city of this State.　*Western Union Tel. Co.* v. *Jackson*, 98 *Ga.* 207.　The power to create

municipal corporations and style them cities is vested in the General Assembly. Without reference to the question whether the General Assembly has authority to establish city courts, the judgments of which are reviewable by direct bill of exceptions to this court, in any place which they may see proper to style a city, it is absolutely certain that the General Assembly can not establish such a city court in any place which has not by express legislative enactment been incorporated as a city. It has been distinctly ruled that the General Assembly has no power to declare that a place which is incorporated as a town shall be a city for the sole purpose of establishing a city court therein, the judgments of which are reviewable in this court by direct bill of exceptions. *Wight* v. *Wolff*, 112 *Ga.* 169. It has also been ruled that an act establishing a city court at a place which is incorporated as a town will not have the effect of bringing such court within the class of city courts referred to in that section of the constitution which fixes the jurisdiction of this court, notwithstanding the act creating the city court refers to the place at which it is established as a city and distinctly declares that the court shall be located at the place thus apparently recognized as an existing city. *Atkinson* v. *State*, 112 *Ga.* 402. It is clearly settled, by the decisions just referred to, that a place distinctly incorporated as a town does not become a city by reason of the fact that the General Assembly, in an act in relation to the affairs of such town, refers to it as a city. In order to create a city in the first instance it is necessary for the General Assembly to expressly declare its intention that a given place shall be so designated and recognized. In order to change a town into a city a similar express legislative declaration is essential. And where a place has been distinctly incorporated as a town, the character of the municipal corporation thus created continues unchanged until there has been a legislative declaration which not only in effect says that the place shall no longer be designated as a town but expressly declares that it shall be classed as one of the cities of the State.

The town of Valdosta was incorporated in 1860. Acts 1860, p. 107. In 1887 it was still recognized as the town of Valdosta. In that year the General Assembly passed an act which was entitled "An act to amend an act incorporating the town of Valdosta, in the county of Lowndes, approved December 7th, 1860." Acts 1887, p. 595. This act declared that the municipal government

of "the city of Valdosta" shall be vested in a mayor and six coun-
cilmen, "who are hereby constituted a body corporate, under the
name and style of The Mayor and Council of Valdosta." And in
the same section of the act Valdosta is referred to as "said town."
At various places in the act it is referred to as the city of Valdosta
and at other places as the town of Valdosta. There is no express
declaration in the act that the town of Valdosta shall thereafter be
known as the city of Valdosta; and the use of the expression "city
of Valdosta" will not alone have the effect of changing the char-
acter of the municipal corporation then existing, especially when
the words "town" and "city" seem to be used interchangeably
throughout the entire act. If there has ever been any act of the
General Assembly expressly declaring that the town of Valdosta
shall become a city, our attention has not been called to the same.
It has been referred to as the city of Valdosta in various legisla-
tive acts, just as in the act of 1887. See Acts 1889, pp. 54, 1001;
Acts 1893, p. 453; Acts 1896, p. 258; Acts 1899, p. 296; Acts
1900, pp. 469, 472. In 1897 the General Assembly established
the "city court of Valdosta." In the title to this act Valdosta is
referred to as a city, and in the first section of the act it is pro-
vided that the city court of Valdosta shall be established "in the
city of Valdosta." Acts 1897, p. 498. The General Assembly had
no authority to make the judgments of this court reviewable by
the Supreme Court, and so much of the act of 1897 as attempts to
accomplish this purpose is unconstitutional and void. This results
from the fact that at the date of the passage of that act there had
never been any express legislative enactment incorporating Val-
dosta as a city.

*Writ of error dismissed. All the Justices concurring.*

### APPLICATION FOR A REHEARING.

An application for a rehearing was made in this case upon two
grounds : first, that the court had erroneously reached the conclu-
sion that Valdosta had never been incorporated as a city; second,
that even if this conclusion was correct, it was in conflict with pre-
vious rulings of this court in reference to other municipalities. We
are satisfied with the conclusion reached, that Valdosta, according
to the charter originally granted and the various acts amendatory

44

thereof, has never been incorporated as a city; and this conclusion is to our minds satisfactorily supported by what is said in the opinion rendered in this case, and also by the decisions of this court cited in the opinion.    We do not think that the ruling made in the present case is in conflict with any decision heretofore rendered; certainly not with any to which our attention has been called. While it does not appear in the decision in the case of *Cooper* v. *State,* 103 *Ga.* 405, that Lawrenceville had been incorporated as a city prior to the passage of the act establishing the city court which was located in that place, it is a fact that Lawrenceville had been at that time expressly incorporated as a city.    Acts 1897, p. 258. It is due to counsel who asked a rehearing and called attention to the *Cooper* case as one in conflict with the ruling made in the present case to say that, after his brief had been filed, he filed an additional brief in which he stated that his attention had not been called to the act of 1897 when his original brief was filed.    It is also claimed that the ruling made in the present case is in conflict with the decision in *Heard* v. *State,* 113 *Ga.* 444.    We have not examined critically the act incorporating Carrollton, and the various acts amendatory of that act, for the reason that the question whether Carrollton was incorporated as a city was not raised in the record in the case just referred to.    The sole question presented in that case was, that conceding for the purposes of that decision that Carrollton had been incorporated by the General Assembly as a city, was it, on account of its comparatively small population, a city in which the General Assembly had authority to create a city court from which a writ of error would lie directly to this court? The question whether Carrollton had in fact been incorporated as a city was not presented or decided in that case.    Counsel for the accused and for the State presented the case as one in which the General Assembly had created a city, and the court decided the only question that was raised on the motion to dismiss the writ of error, that is, whether the General Assembly could constitutionally establish a city court in a city of the population of Carrollton.

*Motion for rehearing denied.    All the Justices concurring.*