MAYOR AND COUNCIL OF SMITHVILLE *v.* DISPENSARY
COMMISSIONERS OF LEE COUNTY.

1. The word "town" is often used as a generic term, embracing cities as well as villages; and when the expression "incorporated town" is used in an act of the legislature, it may include "cities," unless the contrary appears from the whole statute to have been the intent of the legislative body.

2. "Incorporated towns," within the meaning of the dispensary act for Lee county (Acts 1902, p. 222), includes a city located in that county, and, moreover, embraces every incorporated town or city within the county.

3. Assignments of error not urged or referred to in the brief of counsel for plaintiff in error will be ·treated as abandoned.

Submitted March 3,—Decided May 18, 1906.

Petition for injunction. Before Judge Littlejohn. Lee superior court. January 19, 1906.

*G. W. Warwick* and *Walters & Walters,* for plaintiff.

*E. A. Hawkins* and *James Taylor,* for defendants.

BECK, J.   The Mayor and Council of the City of Smithville brought their equitable petition against the Dispensary Commissioners of Lee County, in an effort to enjoin the defendants from operating a dispensary in the city of Smithville, on the ground that· the act of the General Assembly (Acts 1902, p. 222), which provided for the establishment of. dispensaries in the *towns* of Lee ·county, by its terms restricted the establishment of such dispensaries to towns, and forbade the establishment of a dispensary in Smithville, which was, at the time of the passage of the act mentioned, a legally incorporated city. The petitioners further con- tended for the grant of the injunction on the ground that, under the act providing for the establishment of the dispensaries, the ·different municipalities have the right to have them discontinued ·at will. The judge refused to grant the relief sought, and the petitioners excepted.

It is contended, in the argument of counsel for plaintiff in error, that "the judge committed error in not granting the injunction and the relief prayed for, because the dispensary act creating. the dispensary commissioners of Lee county (Acts 1902, p. 222) only provided for the establishment of dispensaries in Lee county in the towns thereof, and not in the cities. Smithville, at the time of the passage of the dispensary act, was not a town, but a city. See Acts 1901, p. 633." While there are other assignments of error in

the bill of exceptions, counsel for plaintiff in error, in their brief filed with this court, urge only the one based upon the fact that the act creating the dispensaries in Lee county provides for their establishment in "towns," and not in "cities," insisting that the "Mayor and Council of Smithville had no authority, under the law, to pass a resolution authorizing the dispensary commissioners of Lee county to establish a dispensary in Smithville. Its establishment being illegal, the mayor and council had a right to take steps to have it discontinued." And we construe this language of counsel to mean that the resolution of the mayor and council authorizing the dispensary commissioners to establish a dispensary in Smithville was illegal, because the act providing for the establishment of the dispensaries was intended by the legislature to apply only to "incorporated towns," and not to municipalities which by legislative act had been raised to the dignity of "cities." With this contention of counsel we are not, however, prepared to agree. The word "town," in the language both of courts and statutes, is very frequently used in a generic sense, including villages, towns, and cities. "It may be said that the term 'town' now includes almost every character of municipal government, from a city to a village, including places which are governed by a commission with some municipal govermental powers, and designated by such title; and if the functions of these different municipalities are similar, this term 'town' would seem to include them all." Herrman *v.* Guttenberg, 43 Atl. (N. J.) 703. "The word 'town' is often used as a generic term, embracing all such primary municipal corporations as incorporated cities and villages; and, independently of any statutory provision, it has become a well-settled rule of construction that the term 'town,' when used in a general statute, may include cities, unless the contrary appears from the whole statute to have been the intent of the legislature." Odegaard *v.* Albert Lea (Minn.), 23 N. W. 526. "The word 'town' is generic, and includes cities." Flinn *v.* State, 24 Ind. 286. See also Indianapolis *v.* Higgin (Ind.), 40 N. E. 671; 8 Words & Phrases Judicially Defined, 7019, with a large number of cases there collated, containing dicta of the same import. Of course the words "city" and "town" are not synonymous, and, as used both by courts and legislatures, their meanings have often been distinguished. See the case of *Wight* v. *Wolff*, 112 *Ga.* 169. But the word "town"

being generic, and "city" being a species under that genus, we would hesitate to hold that the latter term is not included in the former, unless there be some apparent reason for taking it out of the usual rule, and none is apparent here, when the entire act now under consideration is considered with all the provisions thereof. In the case of *Murphy* v. *Waycross,* 90 *Ga.* 36, this court held, that, "Although at the time of the passage of the act of September 19th, 1889 (Acts 1889, p. 829), 'to authorize the establishment . . of a system of sewerage, etc., in and around the *City* of Waycross, and a system of waterworks for said *city*,' etc., the municipal government of Waycross was vested in the 'Mayor and Council of the *Town* of Waycross,' it is beyond doubt that the legislature intended the act to apply to that municipality, and, as appears in the first section, used the words 'city' and 'town' indiscriminately." And certainly if, where it is necessary to give the effect to clear legislative intent, the word "city" can be held to mean town, "town" can be held to include city; especially when, as here, in the act under immediate consideration, it appears that the words "city" and "town" are used without discrimination; for we find in section ten of this act the following provision: "One half [of the net profits] shall be paid into the county treasury of Lee county for the benefit of the road and school funds of said county, to be divided equally, and one half to the treasury of the *city* or *town* [italics ours] in which the said dispensary is located." And. we are clearly of the opinion that the judge who heard the petition for injunction did not err in holding that the dispensary commissioners of Lee county, under and by virtue of the act of December 15, 1902, had authority to establish and maintain a dispensary in Smithville, after the municipal authorities of that city, by proper ordinance or resolution, had determined that it was desirable to have the dispensary, and in refusing to grant the injunction prayed for. Other questions were raised by the assignments of error, but the foregoing discussion covers those urged in the brief of counsel for plaintiff in error.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*