### 17739. NEILL *v.* THE STATE.

The municipality of Fairburn being a "town" at the date of the establishment of a city court therein, no writ of error lies to the Court of Appeals from that court.

DECIDED JANUARY 11, 1927.

Drunkenness on highway; from city court of Fairburn—Judge Stallings presiding. September 20, 1926.

*Lester C. Dickson,* for plaintiff in error.

*William B. Jones, solicitor,* contra.

LUKE, J. Counsel for the State, in his brief, moves to dismiss the bill of exceptions in this case "for the reason that the city court of Fairburn is not a constitutional court from which a bill of exceptions will be entertained by the appellate courts. The city court of Fairburn was created in July, 1923, at which time the city of Fairburn was incorporated as a 'Town of Fairburn.'" The *record* contains no motion to dismiss the bill of exceptions. However, if this court has no jurisdiction to entertain the bill of exceptions, this court would, of its own motion, dismiss the writ of error.

Courts, 15 C. J. p. 864, n. 60 New; p. 1039, n. 56,

"It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in any case in which there may be any doubt as to the existence of such jurisdiction." *Welborne* v. *State,* 114 *Ga.* 796 (40 S. E. 859). It is true that the town of Fairburn was chartered as a city by an act approved August 3, 1925 (Ga. L. 1925, p. 1024), and was therefore a "city," within the constitutional meaning of that term, at the time of the trial of this case in 1926. It is also true that the act creating the city court of Fairburn provides "that the city court of Fairburn be located in the county of Campbell, in the City of Fairburn." Ga. L. 1923, p. 114. However, since Fairburn had not before that time been chartered as a city, the use of the phrase "City of Fairburn" in the act creating the court does not render the municipality a city. "It has also been ruled that an act establishing a city court at a place which is incorporated as a town will not have the effect of bringing such court within the class of city courts referred to in that section of the constitution which fixes the jurisdiction of this court, notwithstanding the act creating the city court refers to the place at which it is established as a city, and distinctly declares that the court shall be located at the place thus apparently recognized as an existing city. *Atkinson* v. *State,* 112 *Ga.* 402 [37 S. E. 746]. It is clearly settled, by the decisions just referred to, that a place distinctly incorporated as a town does not become a city by reason of the fact that the General Assembly, in an act in relation to the affairs of such town, refers to it as a city. In order to create a city in the first instance it is necessary for the General Assembly to expressly declare its intention that a given place shall be so designated and recognized. In order to change a town into a city a similar express legislative declaration is essential. And where a place has been distinctly incorporated as a town, the character of the municipal corporation thus created continues unchanged until there has been a legislative declaration which not only in effect says that the place shall no longer be designated as a town, but expressly declares that it shall be classed as one of the cities of the State." *Savannah Railway Co.* v. *Jordan,* 113 *Ga.* 688 (39 S. E. 511). In *Welborne* v. *State,* 114 *Ga.* 809 (40 S. E. 864), the Supreme Court said: "If an act creates a court at any other place than a county site, or at a county site which has not been expressly incorporated as a city, the court thus created is not

a constitutional city court." In *Western Union Telegraph Co.* v. *Jackson,* 98 *Ga.* 207 (25 S. E. 264), the Supreme Court held that these courts must be *established* in "cities," in order to meet the constitutional requirement under consideration. The city court of Fairburn was established in a town, and consequently was not a constitutional city court at the time of its creation. The act creating the court has not been changed in this respect. The later act creating the City of Fairburn and making no reference to the city court of Fairburn could not affect the act creating the court. By merely substituting the town and the reviewing court in the instant case in lieu of those named in the 3d headnote of the decision in *White* v. *State,* 121 *Ga.* 592 (49 S. E. 715), we have the following ruling which is controlling in the instant case: The municipality of Fairburn being a town at the date of the establishment of a city court therein, no writ of error lies to the Court of Appeals from that court.

*Writ of error dismissed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*