CITY OF BRUNSWICK *et al. v.* TRUNNELL *et al.*

No. 10985. MAY 15, 1936.

490

*B. N. Nightengale* and *Conyers & Gowen,* for plaintiffs in error.
*A. A. Nathan* and *Farr & Mitchell,* contra.

RUSSELL, Chief Justice. The allegations in the petition as to non-compliance by the defendants with certain registration laws were denied by the answer of the defendants, and on this point the

sworn pleadings constituted the only evidence. No other facts were in controversy. The case as made by the record and as argued by counsel involves only two questions: (1) Did the petitioners as citizens and taxpayers of the City of Brunswick, have such an interest as authorized them to apply for injunction to enjoin the holding of the election? (2) Was the act approved March 22, 1935, a .charter amendment which materially changed the form of government of the City of Brunswick, or sought to substitute officers for municipal control other than those in control under the existing charter? In our view of this case, the petitioners had such an interest, as citizens and taxpayers of the City of Brunswick, as authorized them to proceed by petition for injunction. See *Mayor &c. of Macon v. Hughes,* 110 *Ga.* 795 (36 S. E. 247). The real question in the case is whether the amendment of the charter of Brunswick in the act approved March 22, 1935, materially changed the form of government of the City of Brunswick, or undertook to substitute officers in municipal control other than those in control under the existing charter. If it did materially change the form of government, or substituted officers for municipal control other than those in control under an existing charter, it could not become effective until voted upon by the qualified voters of the municipality. If it did not either materially change the commission form of government under which Brunswick was operated, and did not substitute new officers for those in control, it would become effective without a vote by the qualified voters of the municipality. It clearly appears from the record that no new official was injected as a substitute for any of the persons then carrying on the commission form of government, and that the commission form of government was unaltered, except that the term of one commissioner was extended for one year. For this reason, we think the court did not err in enjoining the election.

*Judgment affirmed. All the Justices concur.*