SAVANNAH BEACH, TYBEE ISLAND *et al. v.* BERGMAN *et al.*

No. 15931.   SEPTEMBER 6, 1947.

A. *Leopold Alexander,* for plaintiff in error.

*Spence M. Grayson, Shelby Myrick,* and *Ernest J. Haar,* contra.

*Thomas H. Gignilliat,* for person at interest, not party.

HEAD, Justice. (After stating the foregoing facts.) The Code, § 69-101, provides as follows: "No local law seeking repeal of a municipal charter of a city of less than 50,000 inhabitants or an amendment to any municipal charter of a city of less than 50,000 inhabitants, which amendment materially changes the form of government of a municipality or seeks to substitute officers for municipal control other than those in control under the existing charter, shall become effective until such repeal or amendment shall be voted upon by the qualified voters of the municipality to be affected as hereinafter provided."

In *City of Brunswick* v. *Trunnell,* 182 *Ga.* 489 (185 S. E. 918), it was held that the court did not err in enjoining the holding of an election to determine whether or not the amendment to the charter of the City of Brunswick should become operative, since no material change was made in the commission form of government, and no new official injected into the membership of the commission. It was held in that case that the citizens and taxpayers had such an interest as authorized them to proceed by petition for injunction. Therefore, the only question for determination in the present case is whether or not the 1947 amendment to the charter of Savannah Beach, Tybee Island, materially changed the form of government of the municipality or substituted "officers for municipal control other than those in control under the existing charter."

The provisions of the act of 1947 (Ga. L. 1947, pp. 593-601) amending the charter of Savannah Beach, Tybee Island, which are claimed by the plaintiffs in error to require the holding of an election, are those changing the qualifications of voters in the municipality, and requiring that the mayor and councilmen shall be elected from among those persons qualified to vote. This latter requirement would change the qualifications of the mayor and three of the six councilmen.

Under the 1939 amendment to the charter of Savannah Beach, Tybee Island (Ga. L. 1939, pp. 1366-1375), two classes of persons were qualified to vote in such municipality, as follows: (1) all persons who had been residents of the State of Georgia one year next preceding the election, residents in Chatham County six months next preceding the election, and who owned property in the municipality, the deed to which had been recorded at least sixty days prior to the election; and (2) all persons who had resided in the State one year next preceding the election, and who had been bona fide residents within the corporate limits of the municipality for six months next preceding the election. The 1947 amendment eliminated the first class of voters.

The former charter of the municipality provided that three of the councilmen must be qualified voters residing in the municipality, three must be qualified voters owning property in the town and residing elsewhere in Chatham County, while the mayor might be a person coming under either classification. Under the 1947 amendment, after the expiration of the term of office of the officials then in office, the mayor and all the councilmen must be selected from qualified voters residing within the corporate limits of the municipality.

Counsel for the plaintiffs in error cite the case of *Hoover* v. *Brown,* 186 *Ga.* 519 (198 S. E. 231). In that case the amending charter of the City of Manchester provided for seven commissioners as the controlling municipal authority, where only three existed before, and changed the quorum from two to four. It was held that such amendment was one seeking to substitute officers for municipal control other than those in control under the existing charter within the purview of the Code, § 69-101. Counsel urges that *Hoover* v. *Brown,* supra, is controlling in the present case, since both cases involve a potential transfer of the municipal power to other persons; and that in the present case it is a potential transfer of the municipal power to persons possessing different qualifications. The amendment under consideration in the present case made no change in the offices of Mayor and Councilmen of Savannah Beach, Tybee Island. No councilmen were added, and none deleted. Since the only change in regard to the officials was in the qualifications of the mayor and three of the councilmen, this case differs on its facts from *Hoover* v. *Brown,* supra.

Counsel for the plaintiffs in error also refer to *Souther* v. *Butler*, 195 *Ga.* 566 (24 S. E. 2d, 668). The record in that case disclosed that the former charter of the City of Dalton provided for the office of city marshal and biennial elections to fill such office, and empowered the marshal to appoint deputy marshals in such number as might be determined by the mayor and council. The amendment to the charter under consideration provided: that there should be a police department, to consist of a chief of police and such number of police officers as might be determined by a police commission consisting of three members to be appointed by the mayor and council; that this commission should elect a chief of police, on whose election the office of marshal should become abolished; that such chief of police should be head of the police department, with authority to select police officers with the approval of the police commission; and that all such police officers should be subject to his direction and control. This court held that the amendment would materially change the form of government of the municipality, within the purview of § 69-101. The present case differs from the *Dalton* case on its facts, since the amendment to the charter of Savannah Beach, Tybee Island, does not change any office of the municipality.

The present case is somewhat analogous to that of *City of Brunswick* v. *Trunnell,* supra, in which the charter amendment, among other changes, altered the qualifications of the city manager to require that he must have been a resident of the city for two years before his election, whereas no residence was required under the former charter, and instead of the mayor being elected by the commissioners, the commissioner at large, by virtue of his election, would be mayor. Other changes were made in the number of commissioners to be elected each year.

In our type of government, there is no guarantee that any official or group of officials will retain their offices beyond the date for which their terms are held. The fact that, under the 1947 amendment to the charter of the Town of Savannah Beach, Tybee Island, the qualifications of three of the councilmen are changed so that the three particular men holding those offices would not be eligible for election when their term of office expires, unless they change their residence, could not be construed as substituting officers for municipal control other than those in control under

the existing charter. It is the office itself with which § 69-101 is concerned, and not the officeholder.

Counsel for the plaintiff in error urges that the change in the qualification of voters would amount to a material change in the form of government. We note, under the evidence, that the elimination of the class of voters who are nonresidents of the municipality would disqualify over one-half of the voters formerly qualified, this being caused by the fact that the municipality is a resort town. The change that has been made puts the franchise in the bona fide residents of the municipality, the class of citizens ordinarily entitled to vote in municipal elections. The disqualification of a group of people from having a voice in the selection of the officials who administer the affairs of a municipal government does not change the form of government. The Town of Savannah Beach, Tybee Island, was formerly governed by a mayor and six councilmen, and under the 1947 amendment it will continue to be so governed.

Since under the 1947 amendment there was no material change in the form of government of Savannah Beach, Tybee Island, and no substitution of officers for municipal control other than those in control under the existing charter, the Code, § 69-101, had no application to this amendment, and the court properly enjoined the calling and holding of an election to submit the charter amendment to the vote of the persons qualified to vote in the municipality.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*