19622.   SPENCE *et al.* v. ROWELL *et al.*

SUBMITTED FEBRUARY 11, 1957—DECIDED MARCH 11, 1957— REHEARING DENIED MARCH 25, 1957 AND MARCH 29, 1957.

*Henry M. Henderson, Thomas Hal Clarke, Paul H. Anderson,* for plaintiffs in error.

*Allison, Pittard & Webb,* contra.

CANDLER, Justice. (After stating the foregoing facts.) Code § 69-101 declares: "No local law seeking repeal of a municipal charter of a city of less than 50,000 inhabitants, or an amendment to any municipal charter of a city of less than 50,000 inhabitants which amendment materially changes the form of government of a municipality or seeks to substitute officers for municipal control other than those in control under the existing charter, shall become effective until such repeal or amendment shall be voted upon by the qualified voters of the municipality to be affected as hereinafter provided." And Code § 69-102 provides that, where by local law the charter of a city having less than 50,000 inhabitants is repealed, or where by local law the form of government of a city having less than 50,000 inhabitants is materially amended or seeks to substitute officers for municipal control other than those in control under the existing charter, it shall be the duty of the city authorities to call an election to be

held within 30 days from the call to determine whether a majority of the qualified voters of such municipality will ratify or reject such local law; but that the provisions of this section shall not be effective and the city authorities shall not be required to call such election, "unless a petition signed by more than one-fifth of the qualified voters of such municipality shall be filed with the officers of such municipality within 60 days from the passage of said bill requesting that such election be called." These two sections were codified from an act which the legislature passed in 1925 as amended by an act which it passed in 1927 (Ga. L. 1925, p. 136; Ga. L. 1927, p. 244). The original act applied only to cities of less than 200,000 inhabitants. In *Souther v. Butler*, 195 *Ga.* 566 (24 S. E. 2d 668), it was held that a local act which materially changed the City of Dalton's form of government did not become effective since the city had less than 50,000 inhabitants, and the city's governing body did not call an election for the purpose of giving the qualified voters thereof an opportunity to ratify or reject the local act until five years after its passage, and where no petition signed by more than one-fifth of the city's qualified voters asking for such an election was filed within 60 days from its passage by the General Assembly. See also *Hoover* v. *Brown*, 186 *Ga.* 519 (198 S. E. 231).

We will now deal with the act of 1939, for, if that act legally repealed the act of 1910 which incorporated the Town of Lilburn, then for no reason alleged or shown is the act of 1955 which incorporated the City of Lilburn ineffective. Do the provisions of Code §§ 69-101 and 69-102 apply to the repeal of a charter granted to a town having a population of less than 50,000, as they do to a city having such a population? We do not think so. The legislative power of this State is by the Constitution vested in a General Assembly, which consists of a Senate and House of Representatives. Code (Ann.) § 2-1301. A municipal corporation is a political division of the State, and is a public corporation, having for its object the administration of a portion of the power of government delegated to it for such purpose. Code § 22-103. *Penick* v. *Foster*, 129 *Ga.* 217 (58 S. E. 773, 12 L. R. A. (NS) 1159, 12 Ann. Cas. 346); *Maner* v. *Dykes*, 183 *Ga.* 118, 121 (187 S. E. 699). It is a creature of the General

Assembly, and its charter powers may be enlarged, lessened, or completely withdrawn at the will of its creator (*Hogg* v. *City of Rome,* 189 *Ga.* 298, 6 S. E. 2d 48; *Schneider* v. *City of Folkston,* 207 *Ga.* 434, 62 S. E. 2d 177); and this court, in construing and applying any statute enacted by that body which has the effect of limiting its constitutional power to do so, will adhere to the plain language of such an act. See *Boston* v. *Cummins,* 16 *Ga.* 102 (60 Am. D. 717). Under article 6, section 2, paragraph 4 of the Constitution of 1945, the Supreme Court has jurisdiction over writs of error respecting enumerated subjects from the superior courts and the city courts of Atlanta and Savannah and such other like courts as have been or may be established in other cities. Code (Ann.) § 2-3704. The Constitution of 1877 contained the same provision. In *Wight & Weslosky Co.* v. *Wolff & Happ,* 112 *Ga.* 169 (37 S. E. 395), it was unanimously held that the Supreme Court did not have jurisdiction over a writ of error from the "City court" of the Town of Camilla, since Camilla was not a city. In that case Mr. Justice Cobb and Mr. Justice Fish filed a concurring opinion, in which they said: (at p. 175) "The General Assembly has the right to incorporate Camilla as a city, but until this is done it remains the Town of Camilla. . . As long as Camilla remains an incorporated town, a city court within the meaning of the Constitution cannot be created within that town, for the simple reason that the *town* of Camilla is not a city." Again it was held by a full bench in *Atkinson* v. *State,* 112 *Ga.* 402 (2) (37 S. E. 746), that the Supreme Court had no jurisdiction to entertain a bill of exceptions from a so-called city court established in the Town of Eastman. There it was said: "Since the municipality of Eastman was . . . incorporated as a town, and has never been incorporated as a city, the act of November 28, 1899, entitled an act 'to establish the city court of Eastman, in the city of Eastman' (Acts of 1899, p. 356), is unconstitutional in so far as it attempts to confer upon the Supreme Court jurisdiction over writs of error from the court thereby established. The mere fact that in the title and in the body of that act Eastman is incidentally referred to as 'the City of Eastman' did not convert the town into a city." In *Savannah F. & W. Ry. Co.* v. *Jordan,* 113 *Ga.* 687, 688 (39

S. E. 511), it was held that "where a place has been distinctly incorporated as a town, the character of the municipal corporation thus created continues unchanged until there has been a legislative declaration which not only in effect says that the place shall no longer be designated as a town but expressly declares that it shall be classed as one of the cities of the State." And in *Mayor &c. of Smithville* v. *Dispensary Commrs. of Lee County,* 125 *Ga.* 559, 560 (54 S. E. 539), it was said: "Of course the words 'city' and 'town' are not synonymous, and, as used both by courts and legislatures their meanings have often been distinguished." The four cases last referred to were decided by this court prior to 1925, and it will be conclusively presumed that the legislature knew when it passed the acts from which §§ 69-101 and 69-102 were codified that this court had said that the words "city" and "town" are not synonymous. And it is well settled in this jurisdiction that all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; that they are to be construed in connection and in harmony with the existing law; and that their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and the decisions of the courts. *Botts* v. *Southeastern Pipe-Line Co.,* 190 *Ga.* 689, 700 (10 S. E. 2d 375); *Jacobs* v. *State,* 200 *Ga.* 400, 444 (37 S. E. 2d 187). The act of 1925, as amended by the act of 1927, is, by plain language, applicable only to cities of less than 50,000 inhabitants, and the judiciary has no right to extend its provisions to towns of less than 50,000 inhabitants, and whether the legislature should have so extended it is not a question about which the judiciary is concerned. *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334, 337 (12 S. E. 2d 355). We, therefore, hold that Code §§ 69-101 and 69-102 apply only to *cities* of less than 50,000 inhabitants and not to incorporated *towns* having such a population; and from this ruling it necessarily follows that the act of 1939 legally repealed the act of 1910, which incorporated the Town of Lilburn. Hence, in 1955, there was no reason why the legislature could not legally incorporate the City of Lilburn, and the incorporating act which it then passed became effective on its approval

by the Governor. The judgment excepted to is therefore not erroneous.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Head and Hawkins, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. The unambiguous statute (Code §§ 69-101, 69-102) beyond all doubt seeks the single objective of insuring the people a voice in any proposed legislative change in the form of their local government. This democratic purpose is in no remote degree affected by whether that local government is called a "Town" or a "City." Both are municipal governments, serving identical purposes and having identical relationship to the people. The controlling rule for construing laws requires us to give effect to this plain legislative intent. Code § 102-102 (9); *Carroll v. Ragsdale,* 192 *Ga.* 118, 120 (15 S. E. 2d 210); *Ford Motor Co. v. Abercrombie,* 207 *Ga.* 464 (1) (62 S. E. 2d 209).

I have never been impressed or persuaded by what seems to me to be mere judicial gymnastics of this court in its numerous decisions that seek to draw a legal distinction between municipal corporations based solely upon whether they are named towns or cities. *Wight & Weslosky Co. v. Wolff & Happ,* 112 *Ga.* 169 (37 S. E. 395); *Atkinson v. State,* 112 *Ga.* 402 (37 S. E. 746); *Savannah F. & W. Ry. Co. v. Jordan,* 113 *Ga.* 687, 688 (39 S. E. 511); *Mayor &c. of Smithville v. Dispensary Commrs. of Lee County,* 125 *Ga.* 559 (54 S. E. 539).

HEAD, Justice, dissenting. The vice of the decision of the majority in the present case is based upon a limitation which is wholly unauthorized by the law. The majority seize upon the word "city" where it twice appears in Code § 69-101, and the reference to "city" authorities in § 69-102, to the exclusion of other provisions of the law, which leave no doubt as to the intent and purpose of the General Assembly in its enactment. In § 69-101 the word "municipal," or "municipality," is used five times in connection with the word "city" which appears twice. In § 69-102 the word "municipal," or "municipality," appears seventeen times, and § 69-102 clearly relates to the repeal of any municipal charter.

Under general definitions the word "municipality" refers to a

city, town, borough, incorporated village, or other district having the powers of self-government. Webster's International Dictionary (2d ed.), p. 1611; Black's Law Dictionary (3rd ed.), p. 1215; Bouvier's Law Dictionary (3rd rev.), vol. 2, p. 2269. Our law defines municipal corporations: "A public corporation is one having for its object the administration of a portion of the powers of government, delegated to it for that purpose—such are municipal corporations." Code § 22-103. A municipal corporation, under our law, includes both cities and towns.

Considering §§ 69-101 and 69-102 together, there would appear to be no doubt but that the General Assembly intended the act to apply to all municipal corporations having less than 50,000 inhabitants. If there should be any room for doubt after a consideration of these sections together, it must be dissipated in its entirety by §§ 69-103 and 69-104. "This law shall in no event have reference to amendments to existing municipal charters except such as seek a material change in the municipal form of government or the substitution of municipal officers other than those holding existing offices." § 69-103. "No provision of this law shall be construed as preventing the municipal officers of any municipality from abolishing any office which may have been created by such municipal officers, nor from preventing the creation of new officers to perform the duties of such abolished office." § 69-104. These sections are limited in their application to "municipal charters," "municipal form of government," "municipal officers," and "municipality," all of which have application to any city or town incorporated by the General Assembly.

This court has twice considered the proper construction to be given to §§ 69-101, 69-102, 69-103, and 69-104. In *Hoover* v. *Brown*, 186 *Ga.* 519, 523 (198 S. E. 231), cited in the majority opinion, Mr. Justice Bell stated for a unanimous court: "This section [69-101] embodies a general law by which the charters of municipalities within a specified class are so fixed that no repeal, and no amendment having either of the objects stated therein, shall become effective without submission to the qualified voters." This ruling applied §§ 69-101, 69-102, 69-103, and 69-104 to all municipalities. In *Savannah Beach, Tybee Island* v. *Bergman*, 202 *Ga.* 670 (44 S. E. 2d 245), this court applied

these sections to the Town of Savannah Beach, Tybee Island.

It is pointed out in the majority opinion that the General Assembly is presumed to know of the decisions of this court. This, of course, is the rule. The General Assembly, however, is a law-making body and is not called upon to make fine technical distinctions and applications of the law; and it is not, therefore, required to apply to a proposed act rules of law unrelated to the subject matter of the act. Decisions of this court wholly unrelated to the present subject matter, and pertaining to city courts, their creation and location, can not by any proper application defeat the clear and unambiguous intent of the law as contained in §§ 69-101, 69-102, 69-103, and 69-104.

With further reference to the knowledge of the General Assembly of the decisions of this court, and presumptively with this knowledge, the General Assembly construed its own act (§ 69-101, et seq.) by an act approved February 16, 1938 (Ga. L. 1937-38, Ex. Sess., p. 272), wherein by amendment the General Assembly provided: "Nothing in this section shall apply to towns or municipalities or cities having a population of not more than 2,285 and not less than 2,280 according to the United States Census of 1930, and all future census, and also cities of a population of not less than thirty-six hundred (3600) and not more than thirty-eight hundred (3800) according to the United States Census of 1930 or any future census." The General Assembly thus construed § 69-101, et seq., to include towns, municipalities, and cities, and this is true although this court in *Hoover* v. *Brown*, 186 *Ga.* 519, supra, held the classification based on population to be unconstitutional and void.

Since the above Code sections apply alike to all municipalities, whether a town or a city, having a population of less than 50,000, and have been so construed by decisions of this court and by the General Assembly, I must dissent from the majority opinion.