MURPHY *v.* THE MAYOR AND COUNCIL OF WAYCROSS.

Although at the time of the passage of the act of September 19th,
1889 (Acts 1889, p. 829), "to authorize the establishment . . of
a system of sewerage, etc., in and around the *City* of Waycross,
and a system of water-works for said *city*," etc., the municipal
government of Waycross was vested in the "Mayor and Council
of the *Town* of Waycross," it is beyond doubt that the legislature
intended the act to apply to that municipality, and, as appears in
the first section, used the words "city" and "town" indiscrimi-
nately. The act in question authorized this mayor and council

to do the acts therein provided for, and all they did in pursuance cf the act in relation to establishing a system of water-works, sewers, etc., is, so far as the record discloses, valid and legal. This is true without reference to the act of November 1st, 1889 (Acts, p. 897), which chartered Waycross as a *city, eo nomine.* It is, however, fairly inferable from the latter act that, in the opinion of the legislature, the designation of Waycross as a city in the preceding September was by ño means premature. The court was right in denying the injunction.          *Judgment affirmed.*
August 27, 1892.

Municipal    corporation.    Statute.    Before    Judge SWEAT.    Ware county.    At chambers.    June 4, 1892.

Injunction was prayed for by Murphy, a citizen and tax-payer, to restrain the sale of bonds issued by the Mayor and Council of the City of Waycross, for the purpose of building a system of water-works, sewers, etc., for that city, under an election held on December 21, 1889, at which more than two thirds of the votes cast were in favor of the issuance.    The injunction was denied, and the plaintiff excepted.

The petition alleges that on March 3, 1874, the legislature incorporated the Town of Waycross, and the government of the town as provided for under this act was organized and continued until December 12, 1882, when said act was repealed and the legislature passed an act providing that the Town of Waycross should continue to exist under the name and style of the Mayor and Council of the Town of Waycross; that the town did continue to exist as so provided until the first Saturday in January, 1890, at which time went into effect an act approved November 1, 1889, to reincorporate the town as the City of Waycross and confer additional powers thereon, and to codify, annul and supersede all previous acts incorporating the town, and granting a new charter to it; that the legislature had passed an act, approved September 19, 1889, in which power and authority were given to establish and maintain a system of water-works, sewers, etc., for the city, and to authorize

the city to issue bonds to carry out the purpose of the act, and the election above mentioned was held for the purpose of submitting to the voters the question whether the bonds should be issued as provided for in the act of September 19, 1889. It is alleged that these bonds are illegal for the reasons, (1) that at the time of the approval of the act of September 19, 1889, there was no municipal corporation known as the City of Waycross; (2) that the election was ordered by the Mayor and Council of the Town of Waycross, who were only entitled to exercise the powers granted them under the act of December 12, 1882, and they had no authority to call the election; (3) that the Mayor and Council of the City of Waycross, who were elected under the act approved November 1, 1889, have never called an election as provided by the act of September 19, 1889, which the plaintiff avers the City of Waycross cannot legally do, for the reason first above stated.

The answer alleges that the act of September 19, 1889, was in effect an amendment of the then existing charter of the Town of Waycross, and conferred power and authority upon the mayor and council to carry the same into effect if they had exercised it even before the passage of the act of 1889, by which the town was reincorporated as the City of Waycross; that this last act went into effect and became operative upon its passage, and the then mayor and council were vested with unquestioned authority to carry at once into effect the act of September 19, 1889; and it is denied that the power and authority of the mayor and council under the act of November 1, 1889, was postponed until January 1, 1890. It is further alleged that the order for the election was passed on November 12, 1889, "for the satisfaction of the act for the issuing of bonds"; that the Mayor and Council of the City of Waycross were fully authorized to call the election, by virtue of the act of

November 1, 1889; and that the mayor and council elected in January, 1890, have never called an election, because the election had been called and the question legally passed upon by a two thirds majority of the registered voters.

LEON A. WILSON, by brief, for plaintiff.
HITCH & MYERS, by brief, *contra*.