## ENGLISH *et al.* v. SMITH *et al.; et vice versa.*

1. The act of August 18, 1925 (Acts 1925, p. 896), does not violate par. 17 of sec. 7 of art. 3 of the constitution of this State, which declares that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made."

2. Said act is not unconstitutional because it violates par. 8 of sec. 7 of art. 3 of the constitution of this State, which declares that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

3. Said act is not unconstitutional or void on any of the other grounds on which its constitutionality is attacked.

Nos. 5177, 5178. APRIL 17, 1926. REHEARING DENIED JUNE 28, 1926.

Injunction. Before Judge Persons. Lamar superior court. November 9, 1925.

W. B. Smith and others, as trustees of Gordon College, and individually as taxpayers of the City of Barnesville, brought suit to enjoin Coleman as mayor of the City of Barnesville from calling an election under the terms and provisions of the act of August 18, 1925, entitled "An act to amend an act incorporating the Barnesville Male and Female High School, approved January 20th, 1852, as amended by the act approved December 17th, 1894, changing the name of said institution of learning to Gordon College; to change the name of the corporation; to increase its board of trustees to eleven members by adding two additional members; to authorize said college to confer diplomas and degrees; to confer additional powers and privileges upon said board and said college; to authorize and empower said board of trustees to operate, govern, and control a system of public schools in and for the City of Barnesville, Georgia, and for other purposes, so as to deprive said board of trustees of the management and control of the public-school system of said City of Barnesville; to provide for the election of a board of education to be charged with the duty of operating, governing, and controlling the public-school system of said City of Barnesville; to describe the rights, powers, and duties of said board, their terms of office, etc.; and for other purposes." Petitioners rest their right to the injunction sought upon the ground that said act is unconstitutional in the following particulars: (a) Because said act seeks to amend an act by a mere reference to its title, in violation of par. 17 of sec. 7 of art. 3 of the constitution. (b) Because said act does not distinctly describe the change or alteration which is to be made in the act which it purports to amend, and therefore is in conflict with the same provision of the constitution. (c) Because said act contains matter different from that which is expressed in the title thereof, and is therefore in conflict with par. 8 of sec. 7 of art. 3 of the constitution. (d) Because said act contains more than one subject-matter, and therefore is in conflict with the last-mentioned provision of the constitution.

The trial judge held that the act of August 18, 1925, was unconstitutional upon the first two grounds upon which its constitutionality was attacked by the plaintiffs; and he granted the injunc-

tion prayed upon these grounds. He further held that said act was not unconstitutional upon the other grounds upon which its constitutionality was attacked by the plaintiffs. To this ruling the original defendant and certain intervening defendants in the court below except in the main bill of exceptions. In the cross-bill of exceptions the plaintiffs in the court below except to so much of the judgment of the court as holds that said act is not unconstitutional because it contains matter different from what is expressed in its title, nor because it contains more than one subject-matter, in violation of par. 8 of sec. 7 of art. 3 of the constitution, nor because said act purports to take from the board of trustees which was abolished in 1923 the management and control that said board had over the public-school system for the City of Barnesville, whereas no such board of trustees as that referred to in said act existed at the time of its passage, for which reason said act is void for misdescription; and because said act fails to relate in any way to section 7 of the act of August 22, 1907, which constitutes Gordon College as the high school of the public-school system of Barnesville, thus "presenting the anomalous situation of two separate boards in the same school system, one in charge of the high-school department, and one the grammar schools, without any provisions whatever for the apportionment of public-school funds for a co-ordination of the two departments."

The Barnesville Male and Female High School was incorporated by the act of the legislature, approved January 20, 1852. Acts 1851-1852, p. 325. By an act amending the act of January 20, 1852, and approved December 17, 1894, the name of the Barnesville Male and Female High School was changed to that of Gordon Institute. Acts 1894, p. 242. By an act approved August 22, 1907, amending the act of January 20, 1852, as amended by the act of December 17, 1894, the name of said institution was changed to Gordon College. By section 6 of this act the board of trustees of Gordon College was fully empowered and authorized to operate, govern, control, supervise, and manage the public-school system of the City of Barnesville. Acts 1907, p. 419. The act of January 20, 1852, as amended by the acts of 1894 and 1907, was again amended by the act of July 31, 1923; and by said act of 1923 the then board of trustees of Gordon College was abolished, and certain named individuals were made members of the board of

trustees of Gordon College, with all the authority, rights, powers, privileges, and immunities which were conferred upon the said board of trustees which was abolished by said act. Acts 1923, p. 866. The act of 1852 was again amended by the act the constitutionality of which is involved in this case. The caption of this act is as follows: "An act to amend an act incorporating the Barnesville Male and Female High School, approved January 20th, 1852, as amended by the act approved December 17th, 1894, changing the name of said institution of learning to Gordon College; to change the name of the corporation; to increase its board of trustees to eleven members by adding two additional members; to authorize said college to confer diplomas and degrees; to confer additional powers and privileges upon said board and said college; to authorize and empower said board of trustees to operate, govern, and control a system of public schools in and for the City of Barnesville, Georgia, and for other purposes, so as to deprive said board of trustees of the management and control of the public-school system of said City of Barnesville; to provide for the election of a board of education to be charged with the duty of operating, governing, and controlling the public-school system of said City of Barnesville; to prescribe the rights, powers, and duties of said board, their terms of office, etc.; and for other purposes." Section 1 of this act is as follows: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by the authority of same, that the act entitled 'An act incorporating the Barnesville Male and Female High School,' approved January 20th, 1852, as amended by the act approved December 17th, 1894, changing the name of said institution of learning to Gordon College; to change the name of the corporation and increase its board of trustees; to confer additional powers and privileges upon said board of said college; to authorize and empower said board of trustees to operate, govern, and control a system of public schools in and for the City of Barnesville, Georgia, and for other purposes, approved January 20th, 1852, be and the same is hereby amended by striking all of section 6 of said act."

*Cleveland & Goodrich,* for English et al.

*E. O. Dobbs, Claude Christopher,* and *Jones, Park & Johnston,* contra.

HINES, J. (After stating the foregoing facts.)

1. The trial judge held that the act of August 18, 1925, the caption and first section of which are fully set out in the foregoing statement of facts, was unconstitutional and void, upon the ground that it does not distinctly describe the law to be amended, and the change or alteration to be made therein, as required by par. 17 of sec. 7 of art. 3 of the constitution of this State. Did he err in this ruling? The above paragraph of the constitution declares: "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." Civil Code (1910), § 6445. This provision of the constitution is imperative. When the legislature undertakes to amend a law, it can not do so by a mere reference to its title, but the amending act must distinctly describe the law to be amended, as well as the alteration to be made. So the question in this case is: Does the act of 1925 distinctly describe the law to be amended and the alteration to be made therein? The purpose of the legislature was to amend the above act of 1907, which amended the above act of 1852, as amended by the above act of 1894, by striking from the act of 1907 the sixth section thereof. Does the act of 1925 sufficiently describe the act of 1907? The title of the act of 1925 contains the full title of the act of 1907. The body of the act of 1925 sets out substantially the title of the act of 1907. A comparison of the two acts shows these facts. Acts 1907, p. 419; Acts 1925, p. 896. Standing alone, this would generally constitute a sufficient description of the act of 1907, which the legislature was undertaking to amend. *Adam* v. *Wright,* 84 *Ga.* 720 (71 S. E. 893); *Tison* v. *Doerun,* 155 *Ga.* 367, 371 (116 S. E. 615). In *Fullington* v. *Williams,* 98 *Ga.* 807 (27 S. E. 183), this court did not hold that a description of a prior law by its title alone would in all cases be insufficient, but stated that such description might in many cases be insufficient as a means of identification. A statement in the opinion in that case, upon which counsel rely, was dealt with in *Tison* v. *Doerun,* supra, in which we held that the title of an act alone might be a sufficient description of an act sought to be amended. Besides, the description of the act sought to be amended in this case appears both in

the title and in the act; and in *Cunningham* v. *State,* 128 *Ga.* 55, 57 (57 S. E. 90), this court held that in such case the description was sufficient.

But it is insisted that the act of 1925 describes the act sought to be amended as "An act to amend an act incorporating the Barnesville Male and Female High School, approved January 20th, 1852, as amended by the act approved December 17th, 1894," and does not make any mention of the act of 1907, which further amended the act of January 20th, 1852, for which reason the act of 1925 does not distinctly describe the act to be amended. If this were all of the description, this contention might be well founded; but we have shown that the full title of the act of 1907 is embraced in the title, and is substantially set out in the body, of the act of 1925. The above partial description of the act sought to be amended, when taken in connection with the further description that the act sought to be amended was one which changed the name of this institution of learning to Gordon College, to increase its board of trustees, to confer additional powers and privileges upon said board, and to authorize said board of trustees to operate, govern, and control a system of public schools in the City of Barnesville, all of which was provided for by the act of 1907, sets out a full and distinct description of the act sought to be amended. But it is said that the act sought to be amended is referred to in the first section of the act of 1925 as an act approved January 20th, 1852, and that the alteration proposed was the striking of section 6 of said act; and that these recitals in this section of the act of 1925 were misdescriptions of the statute sought to be amended. In a very vital sense the act of 1852, as amended by the several acts referred to in the statement of facts, remained still the act of that year. It was still the body into which the legislature had inserted the grafts of 1894, 1907, and 1923. It still remained the act of 1852, although changed by these amendments.

But at most, these recitals amount to mere misdescriptions of the act sought to be amended. A misdescription of a statute sought to be amended will not vitiate the amending act, provided the means of identifying the act sought to be amended, apart from the erroneous description, are clear, certain, and convincing. In *Murphy* v. *Waycross,* 90 *Ga.* 36 (15 S. E. 817), this court

dealt with an act which authorized the establishment of a sewerage system for the "City of Waycross," when there was no such city, but a municipality under the name of "Mayor and Council of the Town of Waycross." The act was upheld on the ground that it clearly evidenced the intention of the legislature to make it applicable to the Town of *Waycross.* So in *Mayor &c. of Smithville* v. *Dispensary Commissioners,* 125 *Ga.* 559 (54 S. E. 539), this court held that the language "incorporated town," in an act of the legislature, included cities, when it clearly appeared that such was the intent of the legislative body. So in *Lee* v. *Tucker,* 130 *Ga.* 43 (60 S. E. 164), this court held that the act authorizing the change of the county-site of Irwin County from the "Town of Irwinville" to the "Town of Ocilla" was not void because Ocilla was incorporated as a city, and not as a town, at the time of its passage by the General Assembly. A case very much in point is that of *Town of Maysville* v. *Smith,* 132 *Ga.* 316 (64 S. E. 131). In that case this court was dealing with an act which purported to amend "an act incorporating the Town of Maysville, . . approved Sept. 30, 1879," by striking therefrom certain words in certain lines and inserting other words. The words referred to were not contained in any lines of the act of 1879, but were found in an act of 1885, which was amendatory of the act of 1879. This court held that "The misdescription of the act of 1879 did not affect the real purpose of the amending act, as expressed in its title and body, and did not render it inoperative, since the means of identifying the thing intended to be accomplished and described are clear, certain, and convincing." In this case, the act which the legislature sought to amend was one which changed the name of this institution of learning to Gordon College. This was done in the act of 1907. The act sought to be amended was one which increased the board of trustees to eleven members by adding two additional members. This was done by the act of 1907. The act sought to be amended was one which authorized said college to confer diplomas and degrees. This was done by the act of 1907. The act sought to be amended was one which authorized and empowered said board of trustees to operate, govern, and control a system of public schools in and for the City of Barnesville. This was done by the act of 1907. Thus the identity and description of the act sought to be amended are clear

and unequivocal. The alteration to be made in the act of 1907 is likewise distinctly and clearly defined. It was to strike out section 6 of this act, to deprive the board of trustees of Gordon College of the management and control of the public-school system of Barnesville, to provide for the election of a board of education to be charged with the duty of operating, governing, and controlling the public-school system of said city, and to prescribe the rights, powers, and duties of said board and their terms of office. Nothing could be clearer. So we are of the opinion that the trial judge erred in holding the act of 1925 to be unconstitutional, upon the ground that it violated the provision of the constitution with which we have been dealing.

Counsel for the plaintiffs in the court below rely upon the above case of *Town of Maysville* v. *Smith,* to support their contention that the act of 1925 is unconstitutional, as held by the trial judge. In that case the court dealt with an act of 1902, which purported "to amend an act approved September 30th, 1885, entitled an act to amend the charter of the Town of Maysville," and there was no act of that date amending the charter of that town. This court held that this act was an effort to amend an act by a mere reference to its title, and that for this reason said act offended this provision of the constitution. This court held that if the date of said act had been correctly given, the description of the act to be amended would have been sufficient; but inasmuch as there was nothing to identify the act sought to be amended except a mere reference to its title, and as there was no act of that date, the description was insufficient. There is nothing in that holding of this court which conflicts with our holding in the present case.

2. In the cross-bill of exceptions the plaintiffs allege that the trial judge erred in holding that said act was not unconstitutional because it contains matter different from what is expressed in its title, nor because it contains more than one subject-matter, in violation of par. 8 of sec. 7 of art. 3 of the constitution, nor because said act purports to take from the board of trustees, which was abolished in 1923, the management and control of the public-school system of the City of Barnesville, for which reason said act is void for misdescription, nor because said act fails to relate in any way to section 7 of the act of August 22, 1907, which makes Gordon College the high school of the public-school system of

Barnesville, thus presenting the anomalous situation of two separate boards in the same school system, one in charge of the high-school department and one in charge of the grammar schools, without any provision whatever for the apportionment of the public-school funds between said two departments. A casual examination of the act of 1925 will disclose that it does not deal with two subject-matters, and does not contain any matter different from what is expressed in the title of the act. The subject-matter of this act embraces but a single purpose, and that is to take the management and control of the public-school system of the City of Barnesville from the board of trustees of Gordon College, and to place the control and management of this public-school system in the board of trustees created by this act. This is but one subject-matter. To accomplish this, it repeals section 6 of the act of 1907, which put the public-school system of the city under the control of the board of trustees of this college, and creates a board of trustees which is to manage and control this public-school system. The act clearly does not embrace in its body any matter or thing different from that expressed in its title.

It is further insisted that the act of 1925 is unconstitutional and void, because it fails to refer or relate in any way to section 7 of the act approved August 22, 1907 (Acts 1907, p. 424), which declares "That in connection with said public-school system and as a part of same, and in lieu of a high-school department, said board of trustees shall continue as heretofore to supervise and control Gordon College . . for the purpose of instructing the pupils in those studies usually pursued in high schools and colleges, having the same power over same as to election of teachers, prescribing courses of study, text-books, etc., as it has over the free schools of lower grades, herein provided for." It is further insisted that the act of 1925 for this reason is incomplete, uncertain, and unenforceable. We can not see how the fact that the act of 1925 does not make reference or relate to the act just cited renders the former unconstitutional; nor do we see how the act of 1925 is incomplete, uncertain, and unenforceable on account of this fact. The act of 1925 is complete, is certain, and we see no reason why it can not be enforced.

On July 31, 1923, the legislature passed an act to amend the act incorporating the Barnesville Male and Female High School,

approved January 20, 1852, as amended by the acts of 1894 and 1907 (Georgia Laws 1923, p. 866). By this act the then board of trustees of Gordon College was abolished; and a new board of trustees therefor was created. It is insisted that the act of 1925 is unconstitutional, because it purports to take the management and control of the public-school system of Barnesville from the board of trustees of this college, created by the act of 1907, when said board was abolished by said act of 1923, for which reason said act is void for misdescription, and for this reason is unconstitutional. We can not see how there is any misdescription for this reason, in the act of 1925, of the act of 1907, or any other act amending the original act creating the Barnesville Male and Female High School, growing out of the fact that it repealed section 6 of the act of 1907, when the board of trustees thereby created had been abolished by the act of 1923. The meaning or effect of this act is not now for decision by this court. The only question for decision is, whether the act of 1925 is unconstitutional or void for any of the grounds on which it was attacked by the plaintiffs in this case. We are of the opinion that this act is not unconstitutional upon any of the grounds upon which the plaintiffs attack its constitutional validity. It follows that the trial judge erred in holding it unconstitutional upon the grounds upon which he based his decision, and that he did not err in not holding it unconstitutional upon the other grounds upon which its constitutional validity was attacked by the plaintiffs.

*Judgment, on the main bill of exceptions, reversed; on the cross-bill of exceptions, affirmed. All the Justices concur.*