Beckford & Holman *vs.* Chipman.

BECKFORD & HOLMAN, plaintiffs in error, *vs.* E. B. CHIPMAN, defendant in error.

1. A new trial will not be granted because a witness swore on the trial to a fact wholly unexpected to the plaintiff, who, at the time, knew the statement was false, and that he could so prove by a witness whose testimony he could have procured had he thought such proof was necessary. The party surprised by the statement of the witness, should have moved for a continuance. He cannot take his chances of a verdict and then claim a surprise.

2. As there was some evidence to support the charge of the Court on the question of the acts of the defendant justifying the plaintiff in supposing an agency, and as the other proof of the agency is strong, this Court will not disturb the judgment.

New trial. Waiver. Continuance. Charge of Court. Before Judge CHISOLM. City Court of Savannah. February Term, 1871.

Chipman sued Beckford and Holman for the price of certain food for mules. They pleaded the general issue. One Pitchford testified that the account was correct ; that he purchased the articles for defendant's mules by the request of Mr. Holman, and fed it to the mules. He said, under a previous contract between him and the firm, he bought and was to pay for the food for the teams himself, (though in that he had an order from defendants to plaintiffs for the food,) but that afterwards they were to pay him a different price for hauling, less what the food would cost them, but they were to buy the food, and this was bought under *that* contract by Holman's authority.

Beckford, one of the defendants, testified, giving a like history of said negotiations, but saying that Pitchford was to buy the food for the teams and pay for it, and was not to have anything charged to them. He said they gave no order to plaintiff for the first purchases, but simply wrote guaranteeing that Pitchford would pay for what he had already gotten, if plaintiff would give him time, and that, when he paid for that, he destroyed the guarantee.

The Court charged the jury that if defendants' conduct was such, in dealing with plaintiff, as to lead him to believe that Pitchford was their agent for this purchase, defendants were bound, but that the general order which had been given and destroyed was not to be considered in this connection.

The cause was submitted to the jury without argument, and they found for plaintiff.

Defendants moved for a new trial upon the grounds that

said charge was wrong, that the verdict was contrary to evidence, etc., and because Pitchford's swearing that Holman authorized him to make the purchase took them by surprise, and Holman was absent, and could not then deny it. This was supported by an affidavit by Beckford, that he knew Holman had not given such authority, and that Holman now lived in Massachusetts, having moved from Savannah, and he would swear that he gave no such authority. The Court refused a new trial, and that is assigned as error.

A. W. Stone, for plaintiff in error.

Law, Lovell & Falligant, for defendants.

McCay, Judge.

1. There must be some end to litigation; and this is true, not only that parties may not be detained in Court until they become exhausted by delay, but that the public may not be compelled to give to one set of parties that attention which all have equal claims upon. Admit all that is said in this application; admit that this evidence was wholly unexpected; that this plaintiff, in good faith, had no idea this testimony would be given, can he truly say he has not been negligent? Such an excuse as this would open the door to new trials, almost without number. A man has talked with a witness, who has told him a fact. He has confidence in the truthfulness of the witness, and does not have any idea this fact, so conclusive, so certain, as he thinks it is, will not be contested—certainly will not be proven not to be a fact. And he fails to subpœna his witness, or to take his testimony. He goes to trial, finds himself mistaken, and loses his case. Is this diligence? We think not. It is the duty of a suitor to anticipate the positions and defenses of his adversary, and to be prepared to meet them. The law requires the pleadings to ratify the parties of the grounds upon which they proceed. And if evidence is offered, not covered by the

pleadings, it may be objected to. Clearly, it was apparent here that the plaintiff might take the very ground complained of. If the defendant had the evidence to meet it, as he feels confident he has, it was his fault that he had not taken it. Besides, when this unexpected evidence came out, he could then have asked the Court to continue on the showing he now presents. It would have been in the discretion of the Court to continue. But the defendant, nevertheless, went on, with this evidence staring him in the face. We suppose he felt safe before the jury. We take it for granted he was of opinion he would get a verdict in spite of it. At any rate, he took his chances, and like many another, he was mistaken. The jury gave more weight to the testimony of the plaintiff, and less to that of the defendant, than was expected by the defendant.

2. We do not have it in our power to help him. The jury are the judges of the facts. There is a good deal of evidence in favor of this agency. We do not say it is conclusively proven, but there is enough of it to justify the verdict to save it from shocking injustice. It is not an *illegal* verdict. And upon such only can this Court reverse the Circuit Judge.

Judgment affirmed.