### 2451. SANDERS *v.* THE STATE.

A new trial will not be granted because a witness, in his testimony on the trial, made a statement wholly unexpected to the defendant, who at the time knew the statement was false, and that he could so prove by a witness whose testimony he could have procured had he thought such proof was necessary. The party surprised by the statement of the witness should have moved for a continuance. He could not take his chances of a verdict and then claim a surprise.

Accusation of sale of liquor; from city court of Hartwell—Judge Hodges. January 3, 1910.

Submitted March 9,—Decided April 6, 1910.

*A. G. & Julian McCurry,* for plaintiff in error.

*J. R. Skelton, solicitor,* contra.

POWELL, J. Sanders was charged generally with the unlawful sale of intoxicating liquor. The State's witness swore that he had, in the presence of two others, bought liquor from the defendant at a named time and place. The defendant denied it merely by his statement. He made no motion for continuance, but took the chance of obtaining an acquittal. After conviction he submitted the affidavits of the two persons named by the State's witness, and they swore that the statement made by the State's witness was not true. It is insisted that this is newly discovered testimony; that the defendant could not reasonably have found out before the trial what the State's witness would have sworn, and that the interests of justice require a new trial.

The headnote is substantially in the same language as the headnote announcing the ruling in the case of *Beckford* v. *Chipman,* 44 *Ga.* 543, where a similar proposition was presented. The defendant in such cases should move for a continuance, notwithstanding the trial has begun. He can not take chances on obtaining an acquittal without reference to the absent testimony, and then ask for a new trial on account of it. 　　　　　　　*Judgment affirmed.*