11709.   WALTERS v. THE STATE.

LUKE, J.   1. This court has jurisdiction to review the decisions of any
city court in the State established at a county-site which was a city
when the act establishing the court was enacted, if the act or an amend-
ment thereto provides for a jury of twelve upon the demand of either
party in a cause, civil or criminal, and if the court has both civil and
criminal jurisdiction, either over the limits of the city in which the
court is located or over the entire county, or criminal jurisdiction over
the city and civil jurisdiction over the county, or civil jurisdiction over
the city and criminal jurisdiction over the county.  *Welborne* v. *State*,
114 *Ga.* 793 (40 S. E. 857) ; *Ash* v. *Peoples Bank of Oliver*, 149 *Ga.*
713 (101 S. E. 912).  Under this ruling the city court of Hinesville
is a " constitutional city court, " and the motion of the defendant in
error to dismiss the writ of error is denied.

2.  " A new trial will not be granted because a witness, in his testimony
on the trial, made a statement wholly unexpected to the defendant, who
at the time knew that the statement was false, and that he could so
prove by a witness whose testmony he could have procured had he
thought such proof was necessary.  The party surprised by the state-
ment of the witness should have moved for a continuance.  He could
not take his chances of a verdict and then claim a surprise. "  *Sanders*
v. *State*, 7 *Ga. App.* 603 (67 S. E. 696), and cit.  Under this ruling
the amendment to the motion for a new trial is without merit.

3.  The remaining grounds of the motion for a new trial were expressly
abandoned in the brief of counsel for the plaintiff in error.

     *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

                    DECIDED DECEMBER 16, 1920.

Accusation of sale of liquor; from city court of Hinesville —
Judge W. C. Hodges.  June 23, 1920.

*Ben A. Way,* for plaintiff in error.  *M. Price, solicitor,* contra.