#### 14917.   BRAY *v.* FREEMAN.

JENKINS, P. J.   "A new trial will not be granted because a witness swore on the trial to a fact wholly unexpected to the plaintiff, who at the time knew that the statement was false, and that he could so prove by a witness whose testimony he could have procured had he thought such proof was necessary. The party surprised by the statement of the witness should have moved for a continuance. He cannot take his chances of a verdict and then claim surprise." *Beckford* v. *Chipman,* 44 *Ga.* 543, 546; *Sanders* v. *State,* 7 *Ga. App.* 603, 604 (67 S. E. 696). Under this rule, in a suit on a promissory note where the defense consisted of a plea of non est factum, and the plaintiff testified that the note was signed in the presence of the defendant's wife, a new trial cannot be granted because the defendant might be able now, but, on account of not having anticipated such evidence and consequently not having procured the wife's presence at the trial, was then and there unable to controvert the same by her testimony. Especially is this true where no effort to continue the case was made at the time of the trial.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> DECIDED APRIL 19, 1924.

Complaint; from Madison superior court—Judge W. L. Hodges: June 23, 1923.

*Berry T. Moseley,* for plaintiff in error.

*Gordon & Gordon,* contra.