63438. POUGH v. THE STATE.

MCMURRAY, Presiding Judge.
The defendant herein was sentenced to serve a term of four months following her guilty plea for shoplifting (theft by taking of property not exceeding $100 in value, a misdemeanor) in the Recorder's Court of Chatham County. She appeals. *Held:*
1. The district attorney for the Eastern Judicial Circuit who was served with the notice of appeal and brief of defendant (although the enumeration of error has no service attached) has filed a motion to dismiss the appeal for lack of jurisdiction. The Chatham County Recorder's Court was created by Georgia Laws 1949, pp. 676, 684. Therein, at page 677, § VI, it provides requirements for persons seeking "a writ of certiorari to review and correct the judgment" of said court. However, by constitutional amendment, that court was abolished, succeeded and replaced as to jurisdiction, powers and duties by the "Recorder's Court of Savannah" and its name then declared to be "The Recorder's Court of Chatham County." See

Georgia Laws 1972, pp. 1493-1496. Accordingly, Code § 19-203 has reference to the correction of errors in cases in which the writ of certiorari lies, and the writ shall apply to persons dissatisfied with the decision or judgment of any "inferior judicatory." The Recorder's Court of Chatham County is such a court. See *Forbes v. Mayor &c. of Savannah,* 160 Ga. 701, 702 (3) (128 SE 806). In 1980 a local constitutional amendment was adopted (Ga. L. 1980, pp. 2209, 2210; ratified November 4, 1980), granting the Recorder's Court of Chatham County jurisdiction to take and entertain pleas of guilty and nolo contendere in misdemeanor cases. But if the defendant should wish a trial by jury same is to be bound over to a court having jurisdiction to try the offense.

While the Court of Appeals has jurisdiction for the trial and correction of errors of law from the superior court and from the city courts of Atlanta and Savannah and "such other like courts as have been or may hereafter be established in other cities" (Code § 2-3108; Art. VI, Sec. II, Par. VIII, Constitution of 1976), the local constitutional amendment vesting the Recorder's Court of Chatham County with jurisdiction to take and entertain pleas of guilty in misdemeanor cases does not authorize a direct appeal to this court. The writ of certiorari is still the method of appealing same. See in this connection *Cochran v. City of Rockmart,* 242 Ga. 732, 733-734 (251 SE2d 259); *Henson v. DeKalb County,* 158 Ga. App. 348, 349 (280 SE2d 393); *Ferrell v. State,* 160 Ga. App. 881 (289 SE2d 3). Compare *Whitten & Son v. Rogers,* 28 Ga. App. 441 (111 SE 678); *Walters v. State,* 26 Ga. App. 61 (105 SE 374). Accordingly, the motion to dismiss the appeal is meritorious.

2. However, from our examination of the brief record we observe the following: The trial court required the defendant to execute a waiver of her rights to representation by counsel, appointment of counsel to represent her, to be tried by a jury or a judge, confront the witnesses against her and not give incriminating evidence against herself, among other things. The trial court also entered a certificate that the defendant had been made aware of her rights, the nature of the charges against her and the possible consequences of the plea as entered, that the court was satisfied there is a factual basis for the guilty plea, and that the defendant had entered same freely and voluntarily with complete understanding of the nature of the charge and the consequences of same. It appears same completely conformed with the requirements of Boykin v. Alabama, 395 U. S. 238 (2), 242-243 (89 SC 1709, 23 LE2d 274), and our Georgia cases such as *Waye v. State,* 239 Ga. 871, 876 (238 SE2d 923); *Barksdale v. Ricketts,* 233 Ga. 60, 61 (209 SE2d 631); *State v. Germany,* 245 Ga. 326, 328 (265 SE2d 13). Under the totality of the

circumstances which the defendant's plea was received we see no merit in the defendant's complaint. Compare *State v. Germany,* 246 Ga. 455, 456 (271 SE2d 851).

*Appeal dismissed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 7, 1982.

*Robert E. Robinson,* for appellant.
*Spencer Lawton, Jr., District Attorney,* for appellee.