## 41496. KARIUKI v. DeKALB COUNTY.
(324 SE2d 450)

HILL, Chief Justice.

Defendant-appellant was found guilty in the Recorder's Court of DeKalb County of violating the DeKalb County alcoholic beverage ordinance, No. 7-2064, after his constitutional challenges to that ordinance were overruled. He has appealed directly to this court, and DeKalb County has moved to dismiss the appeal citing *Henson v. DeKalb County*, 158 Ga. App. 348 (280 SE2d 393) (1981), among other cases. We consider the motion to dismiss first.

1. Under the Constitution of 1976 and its predecessor, the Constitution of 1945, this court had jurisdiction of appeals from the superior courts and the city courts of Atlanta and Savannah as existed on August 16, 1916, and such other like courts as were established in other cities, in specified types of cases, including "all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question." 1976 Const., Art. VI, Sec. II, Par. IV; 1945 Const., Art. VI, Sec. II, Par. IV (Ga. Code Ann. (Harrison) § 2-3704).[1] After constitutional amendment in 1956, Ga. L. 1956, p. 652, this court also had jurisdiction of appeals from juvenile courts. 1976 Const., Art. VI, Sec. II, Par. IX.

In *Wight & Weslosky Co. v. Wolff & Happ*, 112 Ga. 169 (37 SE 395) (1900), it was held that this court did not have jurisdiction of direct appeals from the city court of Camilla because it was not a city

---

[1] Pursuant to legislative initiative, commencing in 1977 the court granted certiorari in cases in which the constitutionality of any municipal or county ordinance or other legislative enactment was drawn into question. See *Collins v. State*, 239 Ga. 400 (3) (236 SE2d 759) (1977).

court like the city courts of Atlanta and Savannah. Accord *Atkinson v. State*, 112 Ga. 402 (37 SE 746) (1900); *Savannah, Florida &c. R. v. Jordan*, 113 Ga. 687 (39 SE 511) (1901). That is to say, under the 1976 Constitution, this court had jurisdiction of appeals from the superior courts, juvenile courts, the city courts of Atlanta and Savannah, and city courts like those in Atlanta and Savannah. This court did not have jurisdiction of appeals from any courts other than these.

*Henson v. DeKalb County*, supra, urged in support of the motion to dismiss, pointed out that the proper procedure for appealing a decision of the Recorder's Court of DeKalb County was by certiorari to the superior court. See also *Ferrell v. State*, 160 Ga. App. 881 (289 SE2d 3) (1982); *Pough v. State*, 162 Ga. App. 63 (1) (290 SE2d 300) (1982). However, *Henson* was decided under the Constitution of 1976 when the appellate courts had jurisdiction of appeals only from the superior courts, juvenile courts, and courts like the city courts of Atlanta and Savannah. The Constitution of 1983 is different from the Constitution of 1976 in this regard.

Article VI, Sec. VI, Par. II of the Constitution of 1983 provides that this court "shall exercise exclusive appellate jurisdiction" in specified types of cases, including all cases in which the constitutionality of a law *or ordinance* has been drawn in question and cases of election contests. The limitation that such cases must come from the superior courts, juvenile courts, and courts like the city courts of Atlanta and Savannah has been omitted.[2] However, Par. III of Art. VI, Sec. VI, goes on to provide that "[u]nless otherwise provided by law," this court shall have jurisdiction of certain other specified types of cases, beginning with cases involving title to land.

Thus, under the 1983 Constitution this court has "exclusive appellate jurisdiction" of cases involving the constitutionality of laws and ordinances, and election contests, and has jurisdiction, unless otherwise provided by law, of the other types of cases specified in Art. VI, Sec. VI, Par. III.

Art. VI, Sec. IV, Par. I of the 1983 Constitution provides that the superior courts "shall have such appellate jurisdiction, either alone or by circuit or district, as may be provided by law." Hence it appears that the 1983 Constitution was not intended to divest the superior courts of such appellate jurisdiction as may be provided by law.

By law, the superior courts have appellate jurisdiction of appeals from decisions of probate courts, OCGA § 5-3-2; decisions of magistrates, municipal or police courts, any inferior judicature, any person

---

[2] In 1982, the Select Committee on Constitutional Revision published a pamphlet entitled Proposed Constitution of the State of Georgia as approved by the General Assembly of Georgia, with comments. On page 118 it is pointed out that the reference to the superior courts and the city courts of Atlanta and Savannah and like courts was deleted.

(in an inferior tribunal) exercising judicial power, OCGA § 15-6-8 (as amended), by certiorari, OCGA §§ 5-4-1, 5-4-3; and decisions of agencies subject to the administrative procedure act, OCGA § 50-13-19 (b), among others (see, e.g., OCGA § 48-2-59).

According to *Henson v. DeKalb County*, supra, 158 Ga. App. at 349, the proper procedure for appealing decisions of the Recorder's Court of DeKalb County is, as now provided in OCGA § 5-4-3, supra, by certiorari to the superior court of DeKalb County. That would be true under the 1983 Constitution except that it provides that this court shall have "exclusive" appellate jurisdiction in cases involving the constitutionality of laws and ordinances, and such jurisdiction is *not* qualified by the phrase "unless otherwise provided by law."

Hence we find that this court has exclusive appellate jurisdiction of cases in which the constitutionality of a law or ordinance has been drawn in question regardless of the court from which the appeal is taken, and the motion to dismiss must be overruled. *Henson v. DeKalb County*, supra, is no longer a correct statement of law insofar as the constitutionality of laws and ordinances is concerned.

2. The foregoing prompts us to point out several problems with this new jurisdiction of appeals from lower courts involving the constitutionality of ordinances which otherwise would go to the superior court. There is no transcript of evidence. The ordinance in issue does not appear in the record. See *Oliver v. City of Macon*, 241 Ga. 306 (245 SE2d 280) (1978). There is no record of which constitutional issues were raised by the defendant in the court below (seven are enumerated as error on appeal).

On the other hand, the trial court did enter findings of fact and conclusions of law, and the defendant has attached to his brief a certified copy of the DeKalb County alcoholic beverage ordinance, including the challenged section, the correctness of which the county has not challenged. In its order the trial court expressly ruled on at least one of defendant's constitutional challenges, and defendant attacks the facial constitutionality of the ordinance, not its application. From the materials available, we proceed to the extent that we can.

3. According to the trial court's findings of fact the defendant was employed at a Pizza Hut which was licensed by DeKalb County to serve alcoholic beverages. Although defendant's primary job responsibility was cooking, he also served as an assistant manager, and was in charge of the restaurant in the absence of the manager and first assistant manager.[3] As an assistant manager he had some administrative duties, including interviewing prospective employees. In performing

---

[3] Although defendant asserts on appeal that he was a manager-trainee, such assertion is not supported by the trial court's findings of fact.

his duties as cook and assistant manager, defendant did not come in contact with alcohol, and he did not have a permit to work at an establishment serving alcoholic beverages.

Section 7-2064 of the DeKalb County Code requires that all employees of an establishment holding a license for consumption of beer or wine on the premises have permits issued by the director of public safety. Employees whose duties are limited solely to those of busboy, cook or dishwasher are exempt from the requirement that they have a permit. The trial court found that defendant's duties were not solely those of a cook and held that Section 7-2064, by providing an exemption for those employed solely as a busboy, cook or dishwasher, was not in violation of Art. IX, Sec. II, Par. I (home rule for counties) of the 1983 Constitution.

Defendant contends, inter alia, that Section 7-2064 violates the home rule provision in that it is not "clearly reasonable" as required of home rule ordinances, deals with a subject "for which . . . provision has been made by general law" and "which the General Assembly by general law has preempted," and defines criminal conduct and punishment, all in violation of Art. IX, Sec. II, Par. I, esp. (c).

However, Art. IX, Sec. I, Par. I, provides that counties shall have such powers as are provided by the Constitution and by law. Paragraph (a) of OCGA § 3-3-2 grants to local governing authorities discretionary powers, within the due process guidelines set forth in paragraph (b) of that section, as to the granting or refusal, suspension, or revocation of permits or licenses for the sale of alcoholic beverages, which includes beer and wine. See OCGA § 3-1-2 (2). See also 1960-61 Op. Atty. Gen., p. 287, interpreting former Code Ann. § 58-718. Paragraph (b) (1) of OCGA § 3-3-2 provides that the governing authority shall set forth ascertainable standards in the local licensing ordinance upon which all decisions pertaining to these permits or licenses shall be based. Thus, enactment of local ordinances regarding licenses for the sale of alcoholic beverages clearly is contemplated by general law. See also OCGA § 36-1-20 enacted subsequent to the ordinance here in issue.

By local constitutional amendment, Ga. L. 1958, p. 582, DeKalb County was given the power to adopt ordinances or regulations to effectuate its police powers, not in conflict with general laws, to implement and enforce its duties and powers, to provide penalties for violations of its ordinances, and to license businesses. See 1976 Const., Art. XIII, Sec. I, Par. II; 1983 Const., Art. XI, Sec. I, Par. IV. To the same effect see Ga. L. 1959, pp. 2658, 2659, amending laws pertaining to DeKalb County and authorizing the board of commissioners to adopt ordinances, not contrary to general law, and to prescribe penalties for violations of such ordinances.

Thus, defendant's constitutional attack based on the home rule

for counties provision of the constitution is misplaced, because the county's authority to regulate alcoholic beverages comes from constitutional provisions and laws other than its home rule powers. It follows that ordinance No. 7-2064 does not exceed the county's powers of home rule, and defendant's constitutional challenge to the ordinance therefore must be denied.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1985 —
REHEARING DENIED JANUARY 23, 1985.

*Michael Weinstock, Patrick McCrary,* for appellant.
*Albert Sidney Johnson, Gail C. Flake,* for appellee.